# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GATEHOUSE MEDIA, INC., | ) Case No. 13-12503 (MFW) |
| a Delaware Corporation, *et al.*[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket No. 7** |

## ORDER AUTHORIZING (I) PAYMENT OF PREPETITION TAXES AND FEES AND (II) FINANCIAL INSTITUTIONS TO PROCESS AND CASH RELATED CHECKS AND TRANSFERS

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004: (i) authorizing, but not requiring, the Debtors to remit and pay franchise, sales, use, real and personal property, commercial activity, business and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: GateHouse Media, Inc. (7635), Copley Ohio Newspapers, Inc. (4372), ENHE Acquisition, LLC (1504), Enterprise NewsMedia Holding, Inc. (8259), Enterprise NewsMedia, LLC (4672), Enterprise Publishing Company, LLC (4666), GateHouse Media Arkansas Holdings, Inc. (7662), GateHouse Media California Holdings, Inc. (7639), GateHouse Media Colorado Holdings, Inc. (0190), GateHouse Media Connecticut Holdings, Inc. (1954), GateHouse Media Corning Holdings, Inc. (5234), GateHouse Media Delaware Holdings, Inc. (1987), GateHouse Media Directories Holdings, Inc. (4513), GateHouse Media Florida Holdings, Inc. (6448), GateHouse Media Freeport Holdings, Inc. (1508), GateHouse Media Holdco, Inc. (8902), GateHouse Media Illinois Holdings II, Inc. (5361), GateHouse Media Illinois Holdings, Inc. (7640), GateHouse Media Intermediate Holdco, Inc. (9759), GateHouse Media Iowa Holdings, Inc. (7643), GateHouse Media Kansas Holdings II, Inc. (7914), GateHouse Media Kansas Holdings, Inc. (7644), GateHouse Media Lansing Holdings, Inc. (2242), GateHouse Media Louisiana Holdings, Inc. (9708), GateHouse Media Management Services, Inc. (7665), GateHouse Media Massachusetts I, Inc. (1503), GateHouse Media Massachusetts II, Inc. (0859), GateHouse Media Michigan Holdings II, Inc. (7963), GateHouse Media Michigan Holdings, Inc. (7646), GateHouse Media Minnesota Holdings, Inc. (7648), GateHouse Media Missouri Holdings II, Inc. (8013), GateHouse Media Missouri Holdings, Inc. (7649), GateHouse Media Nebraska Holdings II, Inc. (8054), GateHouse Media Nebraska Holdings, Inc. (4763), GateHouse Media Nevada Holdings, Inc. (4978), GateHouse Media New York Holdings, Inc. (7660), GateHouse Media North Dakota Holdings, Inc. (1506), GateHouse Media Ohio Holdings, Inc. (5464), GateHouse Media Oklahoma Holdings, Inc. (6313), GateHouse Media Operating, Inc. (7636), GateHouse Media Pennsylvania Holdings, Inc. (7661), GateHouse Media Suburban Newspapers, Inc. (5577), GateHouse Media Tennessee Holdings, Inc. (6415), GateHouse Media Ventures, Inc. (7638), George W. Prescott Publishing Company, LLC (4668), Liberty SMC, L.L.C. (6016), Low Realty, LLC (4679), LRT Four Hundred, LLC (4676), Mineral Daily News Tribune, Inc. (3343), News Leader, Inc. (4473), SureWest Directories (7472), Terry Newspapers, Inc. (1037), and The Peoria Journal Star, Inc. (9820). The address of the Debtors' corporate headquarters is 350 WillowBrook Office Park, Fairport, NY 14450.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

01:13624808.8

occupation, and various other taxes, fees, charges, and assessments, as they deem necessary, to various federal, state, and local governmental authorities; and (ii) authorizing the Debtors' banks and financial institutions to receive, process, and honor all checks and electronic payment requests relating to the foregoing; and upon consideration of the Reed Declaration and the entire record of these chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, and DECREED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay to the Authorities all Taxes and Fees as and when they come due in the ordinary course of business; provided, that payments for Taxes and Fees that accrued, in whole or in part, prior to the Petition Date shall not exceed $780,000, in the aggregate (exclusive of amounts determined to be owed upon any subsequent audit).

3. Subject to the terms of this Order, all applicable Disbursement Banks are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks or drafts drawn on the Debtors' accounts in connection with the Taxes and Fees whether those checks were issued or presented prior to or after the Petition Date, and make other transfers to make the payments authorized herein.

4. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity, priority, and/or amount of any Taxes or Fees allegedly due or owing to any Authorities, and all of the Debtors' rights with respect thereto are hereby reserved.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under the *Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(D), and (IV) Granting Related Relief* and any final order granting such relief (together, the "Cash Collateral Order"), including, but not limited to the Budget (as defined in the Cash Collateral Order).

7. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors. The requirements of Bankruptcy Rule 6004(a) are waived under the circumstances.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are

not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

        9.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       September 30, 2013

                                          _____
                                          Mary F. Walrath
                                          United States Bankruptcy Judge