IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GATEHOUSE MEDIA, INC., | ) Case No. 13-12503 (MFW) |
| a Delaware Corporation, *et al.*[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Ref. Docket Nos. 51 & 79 |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application"),[2] of the above-captioned debtors and debtors-in-possession (collectively the "Debtors") for entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: GateHouse Media, Inc. (7635), Copley Ohio Newspapers, Inc. (4372), ENHE Acquisition, LLC (1504), Enterprise NewsMedia Holding, LLC (8259), Enterprise NewsMedia, LLC (4672), Enterprise Publishing Company, LLC (4666), GateHouse Media Arkansas Holdings, Inc. (7662), GateHouse Media California Holdings, Inc. (7639), GateHouse Media Colorado Holdings, Inc. (0190), GateHouse Media Connecticut Holdings, Inc. (1954), GateHouse Media Corning Holdings, Inc. (5234), GateHouse Media Delaware Holdings, Inc. (1987), GateHouse Media Directories Holdings, Inc. (4513), GateHouse Media Florida Holdings, Inc. (6448), GateHouse Media Freeport Holdings, Inc. (1508), GateHouse Media Holdco, Inc. (8902), GateHouse Media Illinois Holdings II, Inc. (5361), GateHouse Media Illinois Holdings, Inc. (7640), GateHouse Media Intermediate Holdco, Inc. (9759), GateHouse Media Iowa Holdings, Inc. (7643), GateHouse Media Kansas Holdings II, Inc. (7914), GateHouse Media Kansas Holdings, Inc. (7644), GateHouse Media Lansing Printing, Inc. (2242), GateHouse Media Louisiana Holdings, Inc. (9708), GateHouse Media Management Services, Inc. (7665), GateHouse Media Massachusetts I, Inc. (1503), GateHouse Media Massachusetts II, Inc. (0859), GateHouse Media Michigan Holdings II, Inc. (7963), GateHouse Media Michigan Holdings, Inc. (7646), GateHouse Media Minnesota Holdings, Inc. (7648), GateHouse Media Missouri Holdings II, Inc. (8013), GateHouse Media Missouri Holdings, Inc. (7649), GateHouse Media Nebraska Holdings II, Inc. (8054), GateHouse Media Nebraska Holdings, Inc. (4763), GateHouse Media Nevada Holdings, Inc. (4978), GateHouse Media New York Holdings, Inc. (7660), GateHouse Media North Dakota Holdings, Inc. (1506), GateHouse Media Ohio Holdings, Inc. (5464), GateHouse Media Oklahoma Holdings, Inc. (6313), GateHouse Media Operating, Inc. (7636), GateHouse Media Pennsylvania Holdings, Inc. (7661), GateHouse Media Suburban Newspapers, Inc. (5577), GateHouse Media Tennessee Holdings, Inc. (6415), GateHouse Media Ventures, Inc. (7638), George W. Prescott Publishing Company, LLC (4668), Liberty SMC, L.L.C. (6016), Low Realty, LLC (4679), LRT Four Hundred, LLC (4676), Mineral Daily News Tribune, Inc. (3343), News Leader, Inc. (4473), SureWest Directories (7472), Terry Newspapers, Inc. (1037), and The Peoria Journal Star, Inc. (9820). The address of the Debtors' corporate headquarters is 350 WillowBrook Office Park, Fairport, NY 14450.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

01:13719556.6

2016 authorizing the Debtors to retain and employ Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as their financial advisor and investment banker and the Hilty Declaration in support thereof; and it appearing that the court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these cases and of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other interested parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED that:

    1.     The Application is GRANTED as set forth herein.

    2.     In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Houlihan Lokey as their financial advisor and investment banker on the terms and conditions set forth in the Application and Engagement Letter (except as modified by this Order), which are hereby approved, effective as of the Petition Date.

    3.     The provisions set forth in the Engagement Letter are hereby approved, except as otherwise expressly provided herein to the contrary, and Houlihan Lokey shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance

with the terms of the Engagement Letter (as modified by the Application and this Order), subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

4. Houlihan Lokey shall file applications for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; *provided, however*, that the requirements of Local Rule 2016-2 are hereby modified such that Houlihan Lokey's restructuring professionals shall be required only to keep summary time records in one-hour increments, Houlihan Lokey's professionals shall not be required to keep time records on a project category basis and Houlihan Lokey shall not be required to provide or conform to any schedules of hourly rates.

5. The indemnification provisions included in paragraph 17 of the Engagement Letter are approved, subject to the following:

    a. Houlihan Lokey shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

    b. The Debtors shall have no obligation to indemnify any Indemnified Party (as defined in the Engagement Letter), or provide contribution or reimbursement to any Indemnified Party, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Party's gross negligence, willful misconduct or bad faith to which the Debtors have not consented; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Party's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Party's gross negligence, willful misconduct or bad faith but determined by this Court, after notice and a hearing to be a claim or expense for which such Indemnified

01:13719556.6

Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Parties for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, Indemnified Parties. All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution and/or reimbursement.

6.  Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the Indemnified Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Agreement, this Order or subsequent orders of this Court and the second full paragraph of page 8 of the Engagement Agreement shall be without effect.

7.  To the extent that there may be any inconsistency between the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Engagement Letter, the Application, and this Order.

01:13719556.6

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

Dated: Wilmington, Delaware
      October 22, 2013

_____
Mary F. Walrath
United States Bankruptcy Judge

01:13719556.6

5